## KRUPP v. SCHOLL.

An assignment of a wife's *chose* in action (pending proceedings for divorce) being voluntary, and for the mere purpose of barring her survivorship, made by a husband who has deserted his wife, does not divest her title; and payment to the assignee under an indemnity, does not discharge the obligation.

IN error from the Common Pleas of Montgomery.

*March* 27. Debt by Scholl, to the use of his wife, on a bond

taken by him, in right of his wife, to secure her share of the valuation of certain real estate, accepted by an heir, under proceedings in partition.

In 1845, Scholl assigned this bond to Goodshalk, without consideration; and, in the same year, the obligor paid Goodshalk the amount due thereon, under an agreement to refund it, if it was not lawfully due to him.

The plaintiff then proved, under exception, that in 1844, proceedings for divorce had been instituted by the wife against Scholl, on the ground of desertion, in which a decree was obtained in 1846.

It was also proved, that Scholl had deserted his wife and children for several years, and neglected to support them, and that the assignee knew that the object of the assignment was to prevent the wife obtaining the debt.

KRAUSE, P. J., told the jury, that if the assignment was not for value, but for the mere purpose of defeating the rights of the wife, as distributee, it would be void as against her, after divorce; and, if this were so, the defendant was turned over to his indemnity, taken on the payment of the money.

*H. Freedley* and *Mulvany*, for plaintiff in error.—The husband, during the marriage, has the right to reduce the wife's *chose* into possession, and the assignment by him, and receipt of the money, before the divorce, was conclusive evidence of such reduction: 2 Barr, 71; 1 Ashm. 49; 5 Barr, 377. But the defendant was in no respect party to the supposed fraud. The husband, certainly, was the only one to whom the money could lawfully be paid; and if paid to him, or his assignee, by his consent, the debt was discharged.

*Garber*, contrà.—The proof here, is of an assignment, without value received, and for the mere purpose of barring the right of survivorship, and such an one the court will not aid: 1 Raw. 279; 1 Barr, 445; 9 W. 90; 17 S. & R. 130, 361. The fact of payment is wholly immaterial. The indemnity taken, places the party in the same position as if no such payment had been made: 5 Barr, 235.

*April* 3.   COULTER, J.—It is conceded that an assignment by the husband, for a valuable consideration, of the wife's *chose in action*, is equivalent to a reduction into possession, and therefore transfers the right. Because, where the assignment is without

fraud, it is an unequivocal act of dominion by the husband, with intent to make the subject-matter his own. But these general principles must be considered in connexion with the character and relations of husband and wife, as established by nature and confirmed by law—the one owing protection, support, kindness; the other owing submission to all lawful commands—and mutually bound to all gentleness and courtesy. When the husband, however, deserts all his duties and his wife together, and seeks to use principles established for a very different purpose, merely to defraud his wife, and strip her of all that remained for her support, the law assumes a different aspect, and regards the rights of the wife as within its protection. In support of this principle, I cite 1 Rawle, 279; 1 Barr, 445; 9 W. 90.

The testimony, therefore, of the pendency of the divorce at the time of the assignment, the total desertion of the wife, the worthless character of the husband, with the other circumstances mentioned in the bill of exceptions, were all properly admitted in evidence, as conducing to prove that the transaction between the husband and wife was merely colourable, and with a view to defraud her of her *chose in action* before a divorce was procured. In a question of fraud, the rule of evidence is very broad: Kauffman *v.* Swar, 5 Barr, 230, and Mitchell *v.* Kintzer, Ib. 216.

The mere circumstance of the bond being in the name of the husband, is of no great moment. The *chose* was unquestionably that of the wife, and would have survived as such to her.

The instrument was express to be for her use, and on account of her distributive share of her father's estate. The bond could not have been taken otherwise than in the name of the husband. But he was expressly nominated as her trustee, and, therefore, taking the bond in that way was no act of absolute dominion over the fund, nor manifested, in fact or in law, any legal intention to convert it into his own property. Judgment affirmed.